IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| GARY JAMES THAUT, | ) | Cause No. CV 05-34-H-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER REQUIRING PLAINTIFF |
| | ) | TO RESPOND TO QUESTIONS |
| BILL SLAUGHTER; MIKE MAHONEY; | ) | |
| DAN CHLADEK; LAURIE DANIELS; | ) | |
| CANDYCE NEUBAUER; KEN | ) | |
| NEUBAUER; OFFICER BRUNO KRAUS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On July 8, 2005, Plaintiff Gary James Thaut applied to proceed in forma pauperis with this action under 42 U.S.C. § 1983. That Application was granted in a separate Order. Thaut is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which

ORDER REQUIRING PLAINTIFF TO RESPOND TO QUESTIONS / PAGE 1

relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  Lopez, 203 F.3d at 1127.  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."  Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).  Additionally, the courts must liberally construe pro se pleadings.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

**II. Thaut's Allegations**

Thaut alleges that, when he arrived at Montana State Prison ("MSP") in September 2000, he was placed Close II custody, even though many inmates with as many or more classification points than he had are placed on the low-custody side of the prison.  In March of 2001, Thaut had a point total low enough to be classified on the low side, but because Defendant Ken Neubauer retaliated against him for writing "hundreds of letters" of

ORDER REQUIRING PLAINTIFF TO RESPOND TO QUESTIONS / PAGE 2

complaint "to people all over the United States about problems at MSP/DOC," Compl. Supp. at 4 (referring to the Department of Corrections), he remained in Close II.  In September 2001, he was sent to a lock-down unit, Close III, even though he had a year of clear conduct and had worked many hours in food service.  See id. at 1-5.

Thaut remained on Close III until March of 2003, when he was sent to D Unit on the low side.  Before his transfer, however, he asserts that he was "again" "thrown in T/L (the hole)" for a period of 27 "more" days.  He asserts that the reason for his placement in temporary lock-up was retaliation and punishment for mental health issues and personality problems.  Compl. Supp. at 6-7.

Thaut contends that his records should reflect five years of clear conduct, but they only reflect two or three because he has been prejudiced by retaliation and discrimination.  He seeks damages for the difference, because five years of clear conduct would make him a more attractive candidate for placement at a pre-release center as an inmate worker.  Id. at 8-10.

Thaut avers that Defendant Kraus has a threatening manner, id. at 10, 14, 18, and that, on one occasion, he strip-searched many kitchen workers in the middle of the high-side dining room, "right out in front of all kitchen staff and many guards," id. at 11.  The usual procedure is to conduct strip searches in a more

ORDER REQUIRING PLAINTIFF TO RESPOND TO QUESTIONS / PAGE 3

private area, such as the staff dining room.  Id. at 11-12.
Thaut claims that he and many other inmates complained about this
incident and that Kraus retaliated by refusing to allow Thaut to
enter the kitchen supervisor's office to clean it.  Thaut asserts
that, when he asked Kraus why Kraus wasn't permitting him to do
his job, he was sent back to his unit, handcuffed, and placed in
temporary lockdown for several days.  Thaut received a "severe"
write-up, lost his clear conduct, and had to quit his job.
Compl. Supp. at 12-14.  Thaut also asserts that Kraus retaliated
by calling him "a rat & snitch" "openly for all to hear."  Id. at
16.

   Thaut avers that employees at MSP eat more food than they
are supposed to and so cheat taxpayers out of "thousands &
thousands of dollars."  He also claims that many employees beat
women and molest children.  Compl. Supp. at 17-19.

   Thaut complains that his supervisor in the kitchen,
Defendant Daniels, retaliated against him for filing a complaint
about her failure to get inmates to work on time by removing him
from his job on July 29, 2004.  Id. at 21-22.  He adds that she
is biased "towards at least some Native Americans."  Id. at 23.
Thaut also complains that there is a disproportionate number of
Native Americans at the prison.  Id. at 32.

   Thaut asserts that Defendant Chladek has refused to allow
him to work "outside of single/fence" because another inmate

ORDER REQUIRING PLAINTIFF TO RESPOND TO QUESTIONS / PAGE 4

escaped more than a year ago.  Thaut complains that Chladek is no longer capable of making a decision about allowing inmates to work "outside" as a result of the escape.  Compl. Supp. at 23-25.

Thaut asks that the Court consider requiring MSP to prevent individual unit managers and counselors from working together on a long-term basis.  Id. at 26.

Thaut alleges that Ken Neubauer, a unit manager, and Candyce Neubauer, a classification manager, are married to each other and that Candyce Neubauer should not be permitted to review Ken Neubauer's decisions.  Id. at 26-31.  He asserts that Ken Neubauer falsely stated "Thaut takes direction poorly" on Thaut's latest reclassification papers, implies that Candyce Neubauer agreed with that statement, and claims that he is being prevented from working "outside of single fence" as retaliation for his mental health issues.  Id. at 33-34.  He objects to the consideration of mental health issues in classification decisions.  Id. at 36.

For his relief, Thaut seeks monetary damages.  He also asks that counsel be appointed to represent him.  Id. at A-C.

**III. Analysis**

In a few respects, the Court requires additional information from Thaut.  After Thaut responds, the Court will decide whether the Defendants should be required to respond to all or part of the Complaint or whether it should be dismissed, in whole or in

part.

   1.   When Thaut was placed in temporary lock-down for 27 days just before his transfer to the low side of the prison, what were the conditions of his confinement?  For example, when was Thaut permitted to leave his cell, where did he have his meals, what clothes did he wear, and what personal items was he permitted to have?

   2.   Thaut seems to be saying that he is discriminated against because he has minor mental health issues and personality problems.  Is that correct?  Is there any other alleged basis for discriminating against Thaut?

   3.   Was Thaut himself subjected to the strip-search that he says Kraus conducted in the middle of the high-side dining room?  Were inmates who were not on the kitchen staff present?  How many of the kitchen staff were strip-searched, and how many were not?  Was the search conducted one person at a time, or were all inmates searched at once?

   If Thaut fails to respond to these questions, the Court may recommend that one or more of the allegations in his Complaint should be dismissed for failure to state a claim or for failure to respond to a court order.

**IV. Request for the Appointment of Counsel**

   There is no constitutional right to appointed counsel for a civil action.  See, e.g., Campbell v. Burt, 141 F.3d 927, 931

ORDER REQUIRING PLAINTIFF TO RESPOND TO QUESTIONS / PAGE 6

(9th Cir. 1998) (citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981)).  However, the court may appoint counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)) under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these factors is dispositive and both must be viewed together before reaching a decision.

Id. (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted)); see also Smith-Bey v. Hospital Adm'r, 841 F.2d 751, 760 (7th Cir. 1988).

At this stage of the proceeding, Thaut has not shown the required combination of probable success on the merits and inability to articulate his claims pro se in light of the legal issues involved.  All he must do at this point is answer the Court's questions set forth above.  He clearly articulated his claims in the Complaint.  The Court is confident that he is able to comply with this Order.

Based on the foregoing, the Court enters the following:

**ORDER**

1. On or before **February 10, 2006,** Thaut shall answer the questions set forth at page six of this Order.  Thaut's response shall be limited to **seven (7) pages**.

ORDER REQUIRING PLAINTIFF TO RESPOND TO QUESTIONS / PAGE 7

    2.   Thaut's request for the appointment of counsel is DENIED.

    3.   Thaut must immediately inform the Court of any change in his address.  Failure to do so may result in dismissal of this case without notice to him.

    DATED this 19th day of January, 2006.

                                **/S/ Carolyn S. Ostby**
                                Carolyn S. Ostby
                                United States Magistrate Judge